FILED

**IN THE UNITED STATES DISTRICT COURT** MISSOULA, MT

**FOR THE DISTRICT OF MONTANA** 2007 MAY 29   AM 9 41

**MISSOULA DIVISION**   PATRICK E. DUFFY

BY _____

DEPUTY CLERK

JACK J. JENKINS,                                    Cause No. CV-06-110-M-DWM-JCL

Petitioner,

vs.                                                FINDINGS AND RECOMMENDATION OF
                                                   UNITED STATES MAGISTRATE JUDGE TO
JAMES MACDONALD, ATTORNEY                          DENY PETITION
GENERAL OF THE STATE OF MONTANA

Respondent.

Currently pending before the Court is Petitioner Jack J. Jenkins' petition for writ of

habeas corpus filed under 28 U.S.C. § 2254 (Document 3). Jenkins is seeking to challenge an

Order by the Darby City Court denying his motion to dismiss a pending arrest warrant for

contempt for failure to pay fines associated with City Court judgments. Pursuant to the

provisions of 28 U.S.C. § 636(b), this case has been referred to the undersigned United States

Magistrate Judge.

**A. PARTIES**

Petitioner Jack J. Jenkins is a state prisoner proceeding pro se. At the time of filing his

petition, Jenkins was incarcerated at the Crossroads Correctional Center in Shelby, Montana.

However, Jenkins filed a Notice of Change of Address on April 6, 2007 indicating that he is

currently incarcerated at the Warm Springs Addiction Treatment and Change (WATCH)

Program in Warm Springs, Montana.

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO
DENY PETITION / PAGE 1

The named respondent is James MacDonald, Warden of the Crossroads Correctional

Center.

## B. STATEMENT OF CASE

According to the state district court's Opinion and Order of May 25, 2005 the facts

pertaining to this issue are as follows:

It appears undisputed that pursuant to a number of Darby City Court judgments in 1997, 1998 and 2002, Mr. Jenkins was assessed fines totaling $2,875.00 and was ordered to complete the ACT program and pay the cost thereof in the sum of $200.00. The fines and fees were to be paid in full by March 11, 2003. . . .

On November 18, 2002, Jenkins was arrested for Felony DUI and other charges. He ultimately pled guilty to that charge and on June 4, 2003 was sentenced to thirteen (13) months in State custody, plus five (5) years as a persistent felony offender and five (5) years probation.

On July 30, 2003, Jenkins was sentenced to the Montana State Prison. He has a parole eligibility date of September 11, 2005 and a discharge date of June 16, 2009.

On September 24, 2003, the Darby City Court issued a "Fail to Comply Warrant" directing that Jenkins be arrested and brought before the Darby City Court to show cause why he should not be held in contempt of court for failure to pay the assessed fines and fees.

Jenkins has applied for a pre-release center placement, but the Montana Department of Corrections refused consideration of a pre-release placement due to the outstanding warrant from Darby City Court. . . .

Jenkins filed a "Motion to Dismiss and Request to Enter into Payment Agreement" with the Darby City Court, by which he sought to have the Court recall/dismiss the warrant in exchange for a time pay agreement which would allow him to qualify for a pre-release placement. The City Attorney opposed the motion and the Court entered its order denying the motion on January 24, 2005.

Jenkins appealed the city court decision to the state district court who found that Jenkins

had failed to demonstrate that the city court did not act within its jurisdiction by denying the

motion to recall the duly issued arrest warrant.

Jenkins appealed the state district court decision to the Montana Supreme Court who

agreed with the district court that the city court was not under a legal obligation to quash an

otherwise valid warrant merely to facilitate Jenkins' placement in a pre-release center or other

community corrections program. State v. Jenkins, 2006 MT 85, 332 Mont. 34, 134 P.3d 79

(Mont. 2006).

Jenkins then filed a Motion to Execute Arrest Warrant with the Darby City Court. That

motion was denied June 6, 2006. Jenkins appealed that denial by filing a Petition for Writ of

Mandamus with the Montana Supreme Court seeking an order mandating the city court to

proceed on the "failure to comply warrant." The Montana Supreme Court stated,

> It is clearly in the interests of efficiency to have warrants executed in a timely
> fashion, and it is in the interests of society to rehabilitate eligible offenders by
> placing them in a work-release environment. As such, and given its previous
> indication that it would assist Jenkins in working toward an agreement, we are at a
> loss to understand why the City Court has refused to accommodate Jenkins'
> requests. However, it is not our practice to intervene in city court matters as long
> as the court is following the law.

(Document 3-2, pp. 18-20: Jenkins v. Darby City Court, et. al., Montana Supreme Court Order

No. OP 06-0425 (June 26, 2006)). The Montana Supreme Court then "reluctantly" denied

Jenkins' petition for mandamus. Id.

## C. PETITIONER'S ALLEGATIONS

In his federal habeas petition, Jenkins argues that the Darby City Court's refusal to

execute, purge or quash the contempt warrant violates his due process rights, his speedy trial

rights, and his right to equal protection under the law.

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO
DENY PETITION / PAGE 3

## D. PRELIMINARY CONSIDERATION

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court requires courts to examine a petition before ordering a respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Id. If summary dismissal is not warranted, the judge may order the respondent to file a pleading or "take such other action as the judge deems appropriate." Id.

## E. ANALYSIS

Jenkins cannot achieve the results he seeks through a petition for writ of habeas corpus. A petition for writ of habeas corpus can be granted to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. In this case, however, the warrant at issue is not the basis for Jenkins' incarceration. Jenkins has no constitutional right to parole or to placement in community corrections.[1] Since he has neither a constitutional nor inherent right to parole or prerelease and there is not a protected liberty interest created by state parole laws, he cannot establish that he is in custody in violation of federal law. Therefore, this court lacks subject matter jurisdiction to hear a habeas corpus petition challenging the outstanding contempt warrant and the same should be dismissed. See

---

[1]Prisoners have "no constitutional or inherent right" to parole or a parole hearing. Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). The mere presence of a parole system and the possibility of parole simply do not create a liberty interest in parole release. Board of Pardons v. Allen, 482 U.S. 369, 373, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987); Greenholtz, 442 U.S. at 11, 99 S.Ct. 2100. The Montana statutory scheme as it applies to Petitioner does not create a liberty interest in parole eligibility. Mont. Code. Ann. § 46-23-201, which formerly served as the statutory basis for a liberty interest in parole, was amended in 1989 to make the award of parole permissive and it is the amended statute which applies to Plaintiff.

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY PETITION / PAGE 4

e.g. Campillo v. Sullivan, 853 F.2d 593 (8th Cir. 1988) (citing Moody v. Daggett, 429 U.S. 78,

97 S.Ct. 274 (1976)).

## F. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), as amended by the AEDPA, "[a] certificate of

appealability may issue . . . only if the applicant has made a substantial showing of the denial of a

constitutional right." See Hohn v. United States, 524 U.S. 236, 240 (1998); Lambright v.

Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000). The "substantial showing" standard can be

satisfied on an issue-by-issue basis. Lambright, 220 F.3d at 1024 (citing 28 U.S.C. § 2253(c)(3)).

The United States Supreme Court has defined the standard of issuance for a COA as

follows:

> To obtain a COA under §§ 2253(c), a habeas prisoner must make a substantial
> showing of the denial of a constitutional right, a demonstration that, under
> Barefoot, includes showing that reasonable jurists could debate whether (or, for
> that matter agree that) the petition should have been resolved in a different manner
> or that the issues presented were 'adequate to deserve encouragement to proceed
> further.'

Slack, 529 U.S. at 483-484 (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

"The court must resolve doubts about the propriety of a COA in the petitioner's favor."

Jennings v. Woodford, 290 F.3d 1006 (9th Cir. 2002) (citing Lambright, 220 F.3d at 1025). In

addition, a petitioner is not required to establish that he will prevail on the merits. Lambright,

220 F.3d at 1025 (citing Barefoot, 463 U.S. at 893 n.4). Rather, the COA requirement seeks only

to prevent frivolous appeals from wasting judicial resources, while still affording petitioners an

opportunity to show potential for merit. Lambright, 220 F.3d at 1025.

The Ninth Circuit has described at least two examples of situations which may satisfy the

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO
DENY PETITION / PAGE 5

Barefoot standard. First, the standard may be met where although there is a controlling rule in the particular circuit, another circuit has reached a conflicting view. Id. at 1025-26. Second, a petitioner may persuasively argue that circuit law which forecloses relief should be reconsidered. Id.

The COA must indicate which issues satisfy the required showing. 28 U.S.C. § 2253(c)(3). Additionally, the district judge must "state why a certificate should not issue." Fed. R. App. P. 22(b)(1).

Petitioner has failed to make a substantial showing that he was deprived a federal constitutional right with regard to the claims set forth in his petition as set forth above. Reasonable jurists would not differ on these issues. Therefore, no certificate of appealability should be granted.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

That Jenkins' petition for writ of habeas corpus be **DISMISSED** for lack of subject matter jurisdiction and a Certificate of Appealability should be **DENIED.**

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within twenty (20) days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY PETITION / PAGE 6

timely file written objections may bar a de novo determination by the district judge.

**PETITIONER IS CAUTIONED THAT HE MUST KEEP THE COURT ADVISED OF ANY CHANGE OF ADDRESS AND A FAILURE TO DO SO COULD RESULT IN A DISMISSAL OF THIS CAUSE OF ACTION.**

DATED this 29th day of May, 2007.

Jeremiah C. Lynch
United States Magistrate Judge

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY PETITION / PAGE 7